IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS TAPIA, #Y30957, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:21-cv-00127-SMY |
| ) | |
| LYNN PITTMAN, and ) | |
| MS. CUNNINGHAM, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Carlos Tapia, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was shot in the right shoulder and forearm in April 2017. He had pain in his right forearm in May 2019 and requested medical care. He saw Dr. Pittman on May 28, 2019 and reported that he was suffering from excruciating pain and that he thought the rods and screws in his forearm had loosened. He requested prescription medication to alleviate the pain. Dr. Pittman ordered an x-ray, which was done the same day by a lab technician.

Subsequently, Plaintiff submitted another medical request slip because he continued to

suffer from excruciating pain. He saw Dr. Pittman on June 19, 2019 and told her he had not received any pain medication. Dr. Pittman wrapped his arm and told him he should have received pain medication. That evening at medication line, Plaintiff received Cymbalta and Pamelor for his shoulder injury but did not received any medication for his pain and nerve damage. He continued to experience excruciating pain and put in another medical request slip.

During a nurse's visit, Plaintiff demanded to know what was going on with his right forearm, why he had not received pain medication, and the results of the x-ray. He was told he would see the doctor. He saw Dr. Pittman on August 20, 2019 and asked her what was going on with his right forearm and the results of the x-ray. She ignored his questions and told him he would be taken to a hospital.

Plaintiff was taken to a hospital on August 23, 2019. A doctor told him an x-ray showed the hardware in his right forearm was broken and had been for some time. He was given an option to have surgery.

Plaintiff saw Dr. Pittman a few days later and she told him the hardware was broken in his right forearm. She gave him directions on preparing for surgery and ignored him when he asked how long it had been broken.

While waiting to be scheduled for surgery, Plaintiff submitted a grievance describing the times he saw Dr. Pittman and requested pain and nerve medication, asked for the results of the x-ray, and sought information about the condition of his right forearm, all to no avail. Counselor Kulrich and Acting Director Rob Jeffreys responded to the grievance without addressing his concerns.

Plaintiff had surgery on October 22, 2019 to repair the damage to his right forearm that had existed since May 2019. Dr. Pittman and Medical Director Ms. Cunningham were aware of the

condition of his right forearm after the x-ray on May 28, 2019. There is an x-ray report in his medical record dated June 3, 2019 stating "[s]ince the prior examination, there is fracture at the mid portion of the plate with approximately (3 mm) displacement between the two plate fragments. There is dorsal soft tissue swelling."

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1:    Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Pittman and Ms. Cunningham for failing to timely diagnose and treat the broken hardware in Plaintiff's right forearm and failing to treat Plaintiff's right forearm pain and nerve damage.

Any other claim that is mentioned in the Complaint is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### **Preliminary Dismissals**

Plaintiff fails to state a claim as to individuals referred to in the statement of claim that are not named as defendants in the case caption. Because Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption, claims against any individuals not identified as defendants in the case caption are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding *pro se* Complaint failed to state a

---

[1] Plaintiff also alleges Fourteenth Amendment due process and equal protection violations. His conclusory allegation is insufficient to state a claim. *Twombly*, 550 U.S. at 570; *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). Further, to the extent that claim relies on the facts implicating the protections afforded by the Eighth Amendment, there is no occasion to invoke the Fourteenth Amendment. *Albright v. Oliver,* 510 U.S. 266, 273 (1994) ( "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted).

claim against individual mentioned in body of Complaint but not specified in the caption).

## Discussion

Prison officials and medical staff violate the Eight Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

"[T]the existence of chronic and substantial pain" is an objectively serious medical condition in and of itself. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). And, delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). Plaintiff's allegations are sufficient at this stage to proceed on an Eighth Amendment claim against Dr. Pittman and Ms. Cunningham.

## Disposition

The Complaint survives preliminary review under 28 U.S.C. § 1915A on an Eighth Amendment deliberate indifference to serious medical needs claim in Count 1 against Defendants Lynn Pittman and Ms. Cunningham. Any other claim that is mentioned in the Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted.

The Clerk of Court shall prepare for Defendants Lynn Pittman and Ms. Cunningham: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6

(Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a **continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address**; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. <u>**Failure to comply with this order will**</u>

**cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* **Fed. R. Civ. P. 41(b).**

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  April 26, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.